FILED
2017 Feb-23 PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| MEDJET ASSISTANCE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CV-_____ |
| ) | |
| ) | |
| UCXTRA AIR, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, MEDJET Assistance, LLC ("Medjet"), for its complaint alleges as follows:

## NATURE OF ACTION

1. This is an action for unfair competition and false designation of origin in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a); trademark infringement in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1114(1); and related claims for trademark infringement and unfair competition under common law.

{03941741.2}

## THE PARTIES

2. MEDJET Assistance, LLC is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business at 3075 Healthy Way, Birmingham, AL 35243.

3. Upon information and belief, UCXTRA Air, LLC ("Ucxtra") is a limited company organized and existing under the laws of the State of Arizona with its principal place of business at 5615 S. Sossaman Rd., Mesa, AZ 85212.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

5. The Court has supplemental jurisdiction over Medjet's common law claims pursuant to 28 U.S.C. §1367.

6. This Court has personal jurisdiction over Ucxtra because Ucxtra has, *inter alia*, transacted business within this District, and/or committed tortious acts within this District including, for example, committing intentional torts expressly aimed at Medjet, a company with its principal place of business in this District. Licciardello v. Lovelady, 554 F. 3d 1280, 1288 (11th Cir. 2008).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the unlawful acts of Ucxtra complained of herein have been committed by Ucxtra within this District and/or have had or will have had effect in this District.

## FACTUAL BACKGROUND
## (MEDJET AND ITS FAMILY OF TRADEMARKS)

8. Medjet offers medical transportation services, namely, emergency transportation and ambulance transportation in the form of an air ambulance (collectively, "Medjet's Air Ambulance Services") throughout the U.S., including over the Internet at www.medjetassist.com ("the Medjet Website").

9. Medjet promotes Medjet's Air Ambulance Services under a family of marks, all of which incorporate the distinctive term "medjet," including the marks MEDJET, MEDJET ASSISTANCE, MEDJETASSIST and MEDJET.COM (collectively, the "MEDJET Marks").

10. Since at least 1987, Medjet has continuously promoted Medjet's Air Ambulance Services throughout the U.S. under the trademark MEDJET.

11. Since at least 2000, Medjet has continuously promoted Medjet's Air Ambulance Services throughout the U.S. under the trademark MEDJET ASSISTANCE.

12. Since at least 2004, Medjet has continuously promoted Medjet's Air Ambulance Services throughout the U.S. under the trademark MEDJETASSIST.

13. Since at least 2008, Medjet has continuously promoted Medjet's Air Ambulance Services throughout the U.S. under the trademark MEDJET.COM.

14. As a result of Medjet's long and substantial use of the MEDJET Marks throughout the U.S., consumers now associate the MEDJET Marks with Medjet and Medjet's Air Ambulance Services.

15. The distinctiveness of the MEDJET Marks has also been acknowledged by the United States Patent & Trademark Office ("USPTO"), which issued to Medjet the following federal trademark registrations:

(A)   On September 10, 2002, the USPTO issued U.S. Registration No. 2,616,782 for MEDJET and Design in connection with medical transportation services, namely, emergency transportation and ambulance transportation in the form of an air ambulance ("the '782 Registration");

(B)   On April 9, 2002, the USPTO issued U.S. Registration No. 2,558,160 for MEDJET ASSISTANCE in connection with transportation services; namely, emergency medical transportation services of patients by air ambulance ("the '160 Registration");

(C)   On April 25, 2006, the USPTO issued U.S. Registration No. 3,084,105 for MEDJETASSIST in connection with transportation services, namely, emergency medical transportation services of patients by air ambulance ("the '105 Registration");

(D) On June 9, 2009, the USPTO issued U.S. Registration No. 3,636,370 for MEDJET.COM and Design in connection with air transportation and ambulance transport ("the '370 Registration"); and

(E) On August 18, 2009, the USPTO issued U.S. Registration No. 3,668,938 for MEDJET in connection with air transportation and ambulance transport ("the '938 Registration").

Copies of the '782 Registration, the '160 Registration, the '105 Registration, the '370 Registration and '938 Registration are attached hereto as <u>Exhibits A through E</u>, respectively.

16. The '782 Registration, the '160 Registration, the '105 Registration, the '370 Registration and '938 Registration are valid and subsisting in law, were duly and legally issued, are prima facie evidence of the validity of the MEDJET Marks registered, and constitute constructive notice of Medjet's ownership of the MEDJET Marks in accordance with Sections 7(b) and 22 of the Federal Lanham Act, 15 U.S.C. §§ 1115(a), 1057(b), and 1072.

17. The USPTO has issued Notices of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. §1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. §1065 for the '782 Registration, the '160 Registration, the '105 Registration, the '370 Registration and '938 Registration. Accordingly, Medjet's

rights to the MEDJET Marks are deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. §1065.

## UCXTRA AND ITS WRONGFUL CONDUCT

18.  Upon information and belief, Ucxtra is a medical transportation company that offers ambulance transportation in the form of air ambulances throughout the U.S. including in this District ("Ucxtra's Services").

19.  Upon information and belief, Ucxtra was incorporated on or about July 8, 2016.

20.  At the time Ucxtra was incorporated, Medjet had been promoting its Air Ambulance services under the trademark MEDJET for approximately three decades.

21.  At the time Uxctra was incorporated, Medjet had had multiple trademarks utilizing the term "MEDJET" registered with the USPTO for more than a decade.

22.  Ucxtra offers Ucxtra's Services under the mark UCX MEDJET.

23.  Ucxtra offers Ucxtra's Services under the UCX MEDJET mark over the Internet at a website hosted at www.ucxmedjet ("the Ucxtra Website"). Visitors to the Ucxtra Website can request a quote for Ucxtra's Services at https://ucxmedjet.com/request-a-quote/, submit inquiries to Ucxtra at

https://ucxmedjet.com/contact-form/ and request to be added to Ucxtra's mailing list at https://ucxmedjet.com/contact-form/.

24.  Ucxtra also promotes Ucxtra's Services under the UCX MEDJET mark over the Internet at https://www.facebook.com/UCXMedJet/ and https://www.linkedin.com/company/ucx-medjet.

25.  Ucxtra is not now and has never been authorized or licensed in any way by Medjet to use or exploit any of Medjet's MEDJET Mark or any marks similar thereto, including the infringing UCX MEDJET mark used by Ucxtra.

## COUNT I
## UNFAIR COMPETITION, FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING DESCRIPTIONS AND REPRESENTATIONS

26.  Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

27.  Ucxtra's use of the mark UCX MEDJET constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).  Ucxtra's use of the mark UCX MEDJET is likely to cause confusion, mistake, and deception among consumers.  Ucxtra's unfair competition has caused and will continue to cause damage to Medjet.

28.  Medjet is informed and believes that Ucxtra's actions are undertaken for the willful and calculated purpose of destroying Medjet's goodwill in its

products and services and for the willful and calculated purpose of misleading and deceiving customers and the public and to steal Medjet's customers.

29. The activities of Ucxtra have caused and will cause irreparable harm to Medjet for which Medjet has no adequate remedy at law. Accordingly, Medjet is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

30. In addition to Mejet's actual damages, Medjet is entitled to receive Ucxtra's profits pursuant to 15 U.S.C. § 1117(a).

31. Medjet is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

32. Medjet realleges all previous paragraphs of this Complaint as if fully set forth herein.

33. Ucxtra's use of the UCX MEDJET mark comprises an infringement of Medjet's registered trademarks as set forth in the '782 Registration, the '160 Registration, the '105 Registration, the '370 Registration and '938 Registration and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Medjet's goods and services.

34. Medjet is informed and believes that Ucxtra's actions are undertaken for the willful and calculated purpose of destroying Medjet's goodwill in its

products and services and for the willful and calculated purpose of misleading and deceiving customers and the public and to steal Medjet's customers.

35. By reason of the foregoing acts, Ucxtra is liable to Medjet for trademark infringement under 15 U.S.C. § 1114.

36. The activities of Ucxtra have caused and will cause irreparable harm to Medjet for which Medjet has no adequate remedy at law. Accordingly, Medjet is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

37. Medjet is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

38. Medjet realleges all previous paragraphs of this Complaint as if fully set forth herein.

39. Medjet, by virtue of its prior adoption and use of the MEDJET Marks in interstate commerce, has acquired, established and owns valuable common law rights in the MEDJET Marks, which serve to identify Medjet and the goods and services offered in connection with the MEDJET Marks.

40. Ucxtra has used a colorable imitation of the MEDJET Marks, without authorization, in commerce in connection with the advertising or promotion of Ucxtra's Services, and such use is likely to cause confusion, mistake, or deception as to the true source or sponsorship of such services.

41. Ucxtra's conduct constitutes trademark infringement in violation of the common law of the State of Alabama.

42. As a direct and proximate result of Ucxtra's trademark infringement, Medjet has suffered actual and irreparable injury for which no adequate remedy exists at law.

43. Ucxtra's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT IV
## UNFAIR COMPETITION

44. Medjet realleges all previous paragraphs of this Complaint as if fully set forth herein.

45. Ucxtra, by its conduct described above, is using in commerce in Alabama a colorable imitation of Medjet's MEDJET Marks in connection with advertising, offering for sale and distribution of Ucxtra's Services. Ucxtra's use of this infringing mark constitutes passing off, infringement and misappropriation of Medjet's MEDJET Marks, all in violation of the law of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Medjet respectfully prays that:

1. The Court enter a judgment that each of the MEDJET Marks is valid and enforceable, and that Ucxtra, as a result of its unauthorized use of the MEDJET Marks, has:

a.   infringed Medjet's rights in the MEDJET Marks in violation of 15 U.S.C. §1114(1), and the common law of the State of Alabama; and

b.   engaged in unfair competition with Medjet in violation of the Federal Lanham Act, 15 U.S.C. §1125(a)(1)(A) and the common law of the State of Alabama.

2.   Ucxtra and its agents, officers, suppliers, distributors, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Ucxtra, and each of them, be temporarily and permanently enjoined from:

a.   using any one of Medjet's MEDJET Marks or any colorable imitation thereof;

b.   using any trademark that imitates or is confusingly similar to or in anyway similar to said trademark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Medjet's products and service or their connectedness to Ucxtra;

c.   passing off or inducing or enabling others to sell or pass off any goods or services that are not authorized by Medjet as goods or services sponsored or endorsed by, associated or affiliated with Medjet; and

d.   otherwise diluting the distinctive quality of the MEDJET Marks.

3. A judgment that, pursuant to 15 U.S.C. § 1117, Ucxtra be held liable for all damages suffered by Medjet resulting from the acts alleged herein and that such damages be trebeled;

4. Pursuant to 15 U.S.C. § 1117, Ucxtra be compelled to account to Medjet for any and all profits derived by it from its illegal acts complained of herein;

5. Ucxtra be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Ucxtra bearing a trademark found to infringe Medjet's trademark rights, as well as all plates, matrices, and other means of making the same;

6. Ucxtra be ordered to submit a report in writing under oath setting forth in detail the manner and form in which Ucxtra has complied with the injunction, as provided by Section 34(a) of the Lanham Act;

7. Ucxtra be ordered to pay an award of damages in an amount to be determined at trial, plus pre- and post- judgment interest;

8. Ucxtra be ordered to pay an award of punitive damages as allowable under the law;

9. The Court declare this to be an exceptional case and award Medjet its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. The Court grant Medjet any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

11. The Court grant Medjet such and other further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this case.

DATED this 23rd day of February, 2017.

Respectfully submitted,

/s/*Scott S. Brown*
Scott S. Brown (ASB-7762-B655)
C. Brandon Browning (ASB-8933-W78C)

Attorneys for MEDJET Assistance, LLC

OF COUNSEL:
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 6th Avenue, North
Birmingham, AL 35203-2618
Phone: 205.254.1000
Fax: 205.254.1999
Email: scottbrown@maynardcooper.com
Email: bbrowning@maynardcooper.com

**Plaintiff will serve the Defendant via process server or certified mail:**

UCXTRA AIR, LLC
c/o Durfee Law Group PLLC
1423 S. Higley Rd. @ 127
Mesa, AZ 85206